# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01636-SCT

*CHRISTINE GONZALO (DEGEORGE)*

*v.*

*MARK OAKES*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/1998 |
| TRIAL JUDGE: | HON. JASON H. FLOYD, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BRENT M. BICKHAM |
| ATTORNEY FOR APPELLEE: | WILLIAM W. DREHER, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 08/19/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/09/99 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes to this Court on appeal from the Chancery Court of Harrison County concerning alleged child support arrearage. We agree that the chancellor was correct. Considering the substantial evidence standard of review, we decline to overturn the chancellor's decision.

## FACTS

¶2. A judgment of paternity was entered by the Chancery Court in 1995, and Appellant Christina Gonzalo (who has since become Christina DeGeorge) was awarded custody

of Brandon Oakes, the minor child of Christine and Mark Oakes, the Appellee. On March 25, 1997, Mark filed a Motion for Modification of Final Judgment of Paternity and requested physical custody of Brandon, alleging that Christina and her new husband abused Brandon. Christine filed an Answer and Counterclaim asking the Court to hold Mark in contempt for failing to pay child support.

¶3. On November 25, 1997, Hon. Jason H. Floyd, Jr. heard the case and made a ruling denying a change of custody and deferring all child support issues to the Harrison County Department of Human Services. He based this finding of fact on information from the Department of Human Services (DHS) and on the testimony of both parties regarding money they had paid to each other for expenses such as medical bills and insurance. The judgment was drafted by Christina's attorney and filed on December 29, 1997. The Chancellor's judgment stipulated that "The Court defers all child support issues in this cause to the Harrison County Department of Human Services who are handling the child support issues."

¶4. On March 11, 1998, Mark filed a Motion to Correct Judgment to reflect that he was not in arrears in child support, and to adjust the amount of child support Mark was obligated to pay in light of the extra cost calculations determined earlier during the court proceedings. The Chancellor entered this corrected judgment on April 3. On April 6, Christina filed a Motion for Relief under M.R.C.P. 60(b), alleging that the Chancellor's decision was based on "mistake and/or misrepresentation by the Plaintiff." She claimed that the evidence clearly showed that Mark was in arrears of child support payments. On September 22, 1998, the Chancellor denied Christina's motion for relief regarding the corrected judgment. This was the sole issue on which she based her appeal.

**I. DID THE CHANCELLOR COMMIT REVERSIBLE ERROR AND MAKE AN INCORRECT FINDING OF FACT REGARDING CHILD SUPPORT ARREARAGE WHEN DENYING APPELLANT'S MOTION FOR RELIEF OF JUDGMENT UNDER M.R.C.P. 60(B)?**

## LEGAL ANALYSIS

¶5. Both parties acknowledge that the Court's standard of review in this appeal, and for all appeals in domestic relations cases, is well-established. "Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule." *Magee v. Magee*, 661 So. 2d 1117, 1122 (Miss. 1995). An appellate court may reverse a chancellor's finding of fact only when there is not "substantial, credible evidence" justifying his finding. *Williams v. Rembert*, 654 So. 2d 26, 28 (Miss. 1995) (quoting *Snow Lake Shores Property Owners Corp. v. Smith*, 610 So. 2d 357, 360

(Miss. 1992)). Appellate review of a motion for relief under Rule 60 (b) is limited to whether the trial court abused its discretion by ordering or denying relief. *Iuka Guar. Bank v. Beard*, 658 So. 2d 1367, 1373 (Miss 1995).

¶6. Christina's Motion for Relief under M.R.C.P. 60(b) alleges that the Chancellor either had a mistaken understanding of the evidence presented in the case, or that he was a victim of fraud or misrepresentation of the facts by the Plaintiff. In Christina's brief, she relies on information offered by the Harrison County Department of Human Services. The copies of various DHS financial records indicate outstanding balances at different points during 1997. Because of this existing balance in total arrears according to DHS, Christina claims that the Chancellor could not have entered a Corrected Judgment for Mark Oakes and in effect "zeroed out" the balance he owed in back child support. She claims in her brief that by doing this the Chancellor acted outside his authority and freed Mark from his obligation to pay the back child support.

¶7. Mark does not deny that DHS calculated the balance that he owed in back child support. However, he claims that the amount determined by DHS is not the only figure that the Chancellor considered when assessing whether Mark was in arrears. Mark refers to evidence he presented at testimony about premiums that he paid for Brandon's health insurance. He claims that Christina agreed to reimburse him for half the amount of the premiums, and Christina does not deny that is true. He also offered evidence at trial of payments made toward back child support that had not been recorded by DHS. Mark argues that the combination of all the financial information presented to the Chancellor indicating how much Mark owed Christina and how much Christina owed Mark, led him to conclude that the amounts cancelled each other out; therefore, the Chancellor did not forgive any child support.

¶8. Mark argues in the alternative, that even if he were in arrears in his child support obligation, the Chancellor still made the correct finding of fact, because Christina did not present evidence sufficient to contradict and outweigh the evidence that Mark presented. He claims that Christina's appeal is an attempt to get "a second bite of the apple," which has consistently been denied by this Court. *Peaster v. David New Drilling C o., Inc.,* 642 So. 2d 344 (Miss. 1994)(affirming judgment in favor of employer without allowing plaintiff to develop and present more evidence that injury was a result of intentional tort and outside scope of workers' compensation). "The law provides instead that for every award for damages, the plaintiff must prove some loss or damages." *Alldread v. Bailey*, 626 So. 2d. 99, 103 (Miss. 1993.) Mark also points out that the amount Christina seeks in this appeal is significantly larger than the amount she claimed he was in arrears during the trial. The Chancellor also made reference to the lack of evidence presented when speaking to Christina's attorney: "If the court has not been properly presented evidence to support the theory or arrearages, it cannot find arrearages. It [the court] obviously was not presented that evidence." Christina did not

meet her burden of proof.

## CONCLUSION

¶9. The Harrison County Chancellor, when deciding this case, had to deal with jumbled, disorganized evidence that was not well presented and with two parties whose testimony conflicted and neither of whom could offer a clear presentation of the financial affairs concerning their child. However, the chancellor came to a reasonable conclusion of fact, given the evidence he could take into consideration at trial. Regardless, given the substantial evidence, this Court may overturn the chancellor's ruling only if it is clear that he must have disregarded glaringly obvious evidence conflicting with his ruling. The trial testimony of both parties suggests that this was not the case. The information presented by both parties appears to be valid, but is nonetheless of the "he said, she said" variety. The chancellor's judgment is affirmed.

¶10. **JUDGMENT AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**